ESTATE OF GEORGE L. SHEARER, DECEASED, UNITED STATES TRUST COMPANY OF NEW YORK EXECUTOR, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 29263. Promulgated September 19, 1951.

*Robert A. West, Esq.*, for the petitioner.
*Rigmor O. Carlsen, Esq.*, for the respondent.

OPINION.

MURDOCK, *Judge:* The Commissioner, partly because of changes in section 811 after the issuance of the deficiency notice, now attempts to justify his determination on grounds different from those given in the notice. He now claims that the value of the farm, rather than the value of the stock of the dissolved corporation, should be included in the gross estate because it was transferred by the decedent to his daughters in contemplation of death within the meaning of section 811 (c) (1) (A) through the use of a dummy corporation and, furthermore, that under the transfers the decedent retained for his life the possession and enjoyment of and the right to the income from the properties within the meaning of section 811 (c) (1) (B).

The evidence shows that the only purpose in creating the corporation was to enable the decedent to transfer interests in the farm to his daughters in small enough parts to avoid gift taxes. The purpose in dissolving it is not so clear unless it was to assist the decedent in his efforts to avoid estate tax on the stock and the farm. The evidence shows that the decedent and his daughters intended at all times material hereto that the decedent would have during his life the possession of the property for the purpose of the farming operations and the income therefrom. The properties were to be operated under his egis, he was to pay the bills, he was to sustain the anticipated losses and to realize whatever income arose from the operations. His retained interest was always at least equal in value to a life estate in him. That was true from the time in November when he transferred the property to the corporation and immediately leased it for $1 a year until his death. He was responsible for every step taken. Thus, in a real sense he retained during his life the possession of, enjoyment of, and the right to the income from the property although, during the life of the corporation, he retained those rights by a lease which was terminable by the corporation. These circumstances bring the transfers within section 811 (c) (1) (B) regardless of the method used by the decedent to accomplish this result. The situation is not substantially different for estate tax purposes from one in which a decedent transfers a remainder directly and retains a life estate, a

situation clearly within section 811 (c) (1) (B). Furthermore, since he intended all along that the daughters should have the property at his death, but meanwhile he would have the use of it, the transfers were testamentary in character and, in that important sense, in contemplation of death.

*Decision will be entered under Rule 50.*